1  Frank L. Tobin, CA Bar No. 166344
   frank.tobin@ogletree.com
2  Andrew J. Deddeh CA Bar No. 272638
   andrew.deddeh@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   4370 La Jolla Village Drive, Suite 990
4  San Diego, CA  92122
   Telephone:   858-652-3100
5  Facsimile:   858-652-3101

6  Attorneys for Defendant THRYV, INC

7

8

9                 **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  ANTHONY FILIPPONE and          Case No.   **'22CV0017 BEN JLB**
    GIOVANNI FILIPPONE,
13                                 **NOTICE OF DEFENDANT THRYV,
                 Plaintiffs,        INC.'S REMOVAL OF CIVIL
14                                  ACTION TO UNITED STATES
         v.                         DISTRICT COURT**
15
    THRYV, INC., and DOES 1-100,   Complaint Filed:   October 28, 2021
16  inclusive,                     Trial Date:        Not Set

17               Defendants.

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, Thryv, Inc. ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. Defendant does so on the grounds that: (1) complete diversity of citizenship exists between plaintiffs Anthony Filippone and Giovanni Filippone ("Plaintiffs") and Defendant; (2) the amount in controversy exceeds the jurisdictional minimum; and (3) the foregoing facts were true when Plaintiffs filed their complaint and remain true as of this filing.

## I.   THE STATE COURT ACTION

1.      On October 28, 2021, Plaintiffs filed a Complaint in the Superior Court of California, County of San Diego, captioned *Anthony Filippone and Giovanni Filippone v. Thryv, Inc.*, case number 37-2021-00046050-CU-WT-CTL ("Complaint").  Defendant's agent for service of process was served by mail on December 7, 2021 with the Complaint, Summons, Notice of Acknowledgment of Receipt, and other documents. (Declaration of Andrew J. Deddeh ("Deddeh Decl." ¶ 2-3).  A true and correct copy of the Complaint and other documents received is attached to this Notice of Removal ("Notice") as **Exhibit A**.  Defendant filed an answer to Plaintiff's complaint in the Superior Court of California, County of San Diego on January 5, 2022. A true and correct copy of Defendant's Answer to Plaintiffs' Complaint is attached to this Notice as **Exhibit C.**

## II.   REMOVAL IS TIMELY

2.      A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  Defendant's agent for service of process received a copy of the Complaint on December 7, 2021, (Deddeh Decl." ¶ 3), which is within the 30-day statutory period

1  for filing this removal. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(3)(A).

2       3.      The consent of fictitious "Doe" defendants is not required because they

3  have not been served.  Thus, the Defendant is the only party who must consent to

4  removal and all defendants whose consent is required have consented to this removal.

5  **III.   VENUE**

6       4.      The Superior Court of California, County of San Diego, is located within

7  the territory of the Southern District of California.  Therefore, venue for the purposes

8  of removal is proper pursuant to 28 U.S.C. §84(d) because it is the "district and

9  division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10 **IV.   BASIS FOR REMOVAL**

11      5.      The Court has original jurisdiction over this action pursuant to 28 U.S.C.

12 § 1332.  Defendant may remove it to this Court pursuant to 28 U.S.C. § 1441.  This

13 case is between citizens of different states, and the amount in controversy exceeds

14 $75,000.

15      **A.     Diversity of Citizenship Requirement Established.**

16      6.      For purposes of diversity, an individual is a "citizen" of the state in which

17 he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

18 1983).  An individual's domicile is the place he resides with the intention to remain or

19 to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th

20 Cir. 2001).

21      7.      Plaintiffs alleges that at all relevant times they resided in the State of

22 California. (Complaint ¶ 1).  Accordingly, Plaintiffs are, and were at the time they filed

23 this action, domiciled in and a citizen of the State of California for purposes of this

24 removal.

25      8.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a

26 citizen of any State by which it has been incorporated and of the State where it has its

27 principal place of business."  The United States Supreme Court has established that a

28 corporation's principal place of business for purposes of diversity jurisdiction "is best

NOTICE OF DEFENDANT THRYV, INC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1 read as referring to the place where a corporation's officers direct, control, and
2 coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 130 S. Ct. 1181,
3 1184 (2010).  The Court further clarified that the principal place of business is the place
4 where the corporation "maintains its headquarters—provided that the headquarters is
5 the actual center of direction, control, and coordination." *Id.*

6      9.    Thryv, Inc. is, and at all times relevant to this action was, incorporated in
7 the State of Delaware.  (Complaint ¶ 2). Further, Thryv, Inc.'s headquarters—which is
8 its center of direction, control, and coordination—is in the State of Texas. (Deddeh
9 Decl. ¶ 4, **Exhibit B**). For the purposes of federal diversity jurisdiction, Thryv, Inc. is
10 a citizen of both the State of Delaware and the State of Texas.

11      10.    For the purposes of removal, courts disregard the citizenship of
12 fictitiously named "doe" defendants.  28 U.S.C. § 1441(b)(1) ("In determining whether
13 a civil action is removable on the basis of the jurisdiction under section 1332(a) of this
14 title, the citizenship of defendants sued under fictitious names shall be disregarded.");
15 *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

16      11.    Here, complete diversity of citizenship exists between Plaintiffs and
17 Defendant.

18      **B.**    **The Amount-in-Controversy Requirement is Satisfied.**

19      14.    Based on Plaintiffs' allegations, the amount in controversy exceeds the
20 sum or value of $75,000, excluding interest and costs.  The Complaint does not allege
21 a damage amount as to each claim, but Plaintiffs do allege that the amount in
22 controversy exceeds $25,000. However, Removal is proper because, based on the
23 allegations of the Complaint, although disputed by Defendant, it is more likely than
24 not that the damages sought in connection with Plaintiffs' five (5) causes of action
25 exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404
26 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  ***In***
27 ***applying these tests, the court must consider all recoverable damages, including***
28 ***damages for emotional distress, and attorneys' fees authorized by statute***.  *See*

NOTICE OF DEFENDANT THRYV, INC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (amount in controversy includes "future recoverable attorneys' fees in that calculation."); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Anthony v. Security Pacific Financial Services*, 75 F.3d 311, 315 (7th Cir. 1996).

15.     In determining whether the amount in controversy exceeds $75,000, the court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001 (citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes "plaintiff prevails on liability"); *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n.1 (citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3).

16.     Here, Plaintiffs' Complaint pleads five causes of action, and seeks special and general damages on behalf of two Plaintiffs including damages for emotional pain and suffering, special damages including past and future wages and benefits, exemplary damages, statutory fines and penalties, and pre-judgment interest, and other relief the Court deems proper.  (Complaint ¶¶ 66-67, 75-76, 81-82, 85-86, 90-91; Prayer for Relief ¶¶ 1-6).

17.     Based on the allegations in the Complaint, Defendant's conservative, good faith estimate of the amount in controversy is well in excess of $75,000. Plaintiffs allege that, as a result of Defendant's actions, they have suffered and will continue to suffer emotional pain and suffering. (Complaint at ¶¶ 67, 76, 82, 86, 91).

NOTICE OF DEFENDANT THRYV, INC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1   Unspecified mental and emotional distress damages are properly considered in
2   calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d
3   1029, 1031–35 (N.D.Cal. 2002).

4       18.   To establish the amount of emotional distress damages in controversy, a
5   defendant may introduce evidence of jury verdicts in cases involving analogous facts.
6   *See Simmons*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist.
7   LEXIS 15801, *4 (N.D. Cal. 1999). In California, courts have awarded substantial
8   damages for emotional distress in employment cases. *See, e.g., Hoffer v. Chevron*
9   *U.S.A. Inc.*, 2018 WL 4773163 (Los Angeles Super. Ct.) (awarding $150,000 in
10  emotional distress damages in an age discrimination matter); *Ismen v. Beverly*
11  *Hospital*, 2008 WL 4056258 (Los Angeles Super. Ct.) (awarding plaintiff $113,100 in
12  emotional distress damages for discrimination); *Espinoza v. County of Orange*, 2009
13  WL 6323832 (Orange Super. Ct.) (awarding plaintiff $500,000 in emotional distress
14  damages for disability discrimination and harassment); *Lopez v. Bimbo Bakeries USA*
15  *Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000
16  in emotional distress damages for wrongful termination and failure to prevent
17  discrimination).

18      19.   Therefore, if Plaintiffs were to prevail on their claims at trial, they could
19  each be awarded a substantial amount of emotional distress damages, in addition to
20  any award for lost wages and benefits.

21      20.   Attorneys' fees may be included in the amount in controversy if
22  recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-
23  56 (9th Cir. 1998). Attorneys' fees are recoverable as a matter of right to the prevailing
24  party under FEHA. *See* Cal Gov't Code § 12965.

25      21.   Here, Plaintiffs seek attorneys' fees under FEHA pursuant to the
26  California Government Code. (Complaint ¶¶ 82; Prayer for Relief ¶ 4).  Thus, the
27  Court must consider Plaintiffs' request for attorneys' fees in assessing the amount-in-
28  controversy requirement. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-1035

NOTICE OF DEFENDANT THRYV, INC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT

1  (N.D. Cal. 2002). "Recent estimates for the number of hours expended through trial

2  for employment cases in [the Central District of California] have ranged from 100 to

3  300 hours. Therefore, 100 hours is an appropriate and conservative estimate.

4  Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful

5  termination] may *reasonably be expected to equal at least $30,000* (100 hours x $300

6  per hour)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at \*6 (C.D. Cal.,

7  Mar. 3, 2015, No. CV 14-09154-AB AJWX) (emphasis added).

8  22.  Plaintiff is also seeking damages for future losses in salary and other

9  employment benefits. (Complaint ¶¶ 66, 75, 85; Prayer for Relief ¶ 1). Such awards in

10  California have spanned several years. *See Smith v. Brown-Forman Distillers Corp.*

11  (1989) 196 Cal.App.3d 503, 518 (front pay until mandatory retirement age reached);

12  *Rabago-Alvarez v. Dart Indus.* (1976) 55 Cal.App.3d 91, 97-100 (four years);

13  *Drzewiecki v. H&R Block, Inc.* (1972) 24 Cal.App.3d 695, 705 (ten years).

14  23.  Plaintiff Anthony Filippone claims he was making a yearly salary

15  (inclusive of commissions) ranging from $152,000 – 182,000. (Complaint ¶ 16)

16  Plaintiff Giovanni Filippone claims he was making a yearly salary of approximately

17  $160,000 per year (inclusive of commissions). (Complaint ¶ 16) Plaintiff Anthony

18  Filippone claims he was terminated around October 22, 2020. (Complaint ¶ 31)

19  Plaintiff Giovanni Filippone claims he was terminated on or about April 2020.

20  (Complaint ¶ 46) Plaintiffs allege it has been more than a year since they were

21  terminated. Without considering any other damages, Plaintiffs' allegation for damages

22  due losses in salary meets the amount in controversy requirement.

23  24.  Accordingly, based on a good faith estimate of the amount in controversy

24  asserted on the face of the Complaint,[1] it is "more likely than not" that the amount in

25  controversy in this lawsuit exceeds the minimum amount required for diversity

26  jurisdiction.  *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th

27

28  [1] Defendant disputes the validity of Plaintiffs' allegations.

6

NOTICE OF DEFENDANT THRYV, INC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1   Cir. 1996); *Simmons,* 209 F. Supp.2d at 1031-1035 (finding that the plaintiff's alleged

2   lost income of $25,600 at the time of removal, included with unspecified amounts for

3   medical expense damages, emotional damages, and attorneys' fees anticipated to incur

4   through trial, satisfy the amount in controversy required to establish diversity

5   jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful

6   termination claim including a "lengthy list of compensatory [d]amages" including loss

7   of pay, impaired earning capacity, emotional distress, etc. combined with a claim for

8   attorney fees, was sufficient to exceed the $75,000 minimum required to establish

9   diversity jurisdiction, even though plaintiff had only specified $13,000 in damages

10   from lost income at the time of removal).

11        25.     This Court has original jurisdiction over the case pursuant to 28 U.S.C.

12   §§ 1332(a) and 1441, on the basis that the amount in controversy exceeds the requisite

13   $75,000, exclusive of interest and costs.

14   **V.    ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

15        29.     As 28 U.S.C. § 1446(a) requires, copies of all process, pleadings, and

16   orders served upon Defendant are attached as Exhibits A and B to this Notice.

17        30.     As 28 U.S.C. § 1446(b)(1) requires, Defendant's Notice was filed within

18   thirty (30) days after Defendant was served with a copy of Plaintiffs' Complaint.

19        31.     As 28 U.S.C. § 1446(d) requires, Defendant will provide notice of this

20   Removal to Plaintiffs via its attorneys of record.

21        32.     As 28 U.S.C. § 1446(d) further requires, Defendant will file a copy of the

22   original Notice of Removal with the Clerk of the Superior Court of California, County

23   of San Diego.

24   **VI.   CONCLUSION**

25        33.     Because this civil action is between citizens of different states and the

26   matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant

27   respectfully requests that this Court exercise its removal jurisdiction over this action.

28

DATED:  January 6, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  */s/ Andrew J. Deddeh*
     Frank L. Tobin
     Andrew J. Deddeh

Attorneys for Defendant THRYV, INC

49750930.1

---

8