# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/07/2021
CT Log Number 540698290

**TO:**   Stephanie Smith
Thryv, Inc.
2200 W AIRFIELD DR
DALLAS, TX 75261-4008

**RE:**   **Process Served in California**

**FOR:**  Thryv, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANTHONY FILIPPONE and GIOVANNI FILIPPONE // To: Thryv, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 37202100048050CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Priority Mail on 12/07/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Stephanie Smith  stephanie.smith@thryv.com |
| | Email Notification,  Greg Supan  greg.supan@thryv.com |
| | Email Notification,  Stephanie Smith  stephanie.smith@thryv.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



US POSTAGE & FEES PAID
1 LB PRIORITY MAIL RATE
ZONE 2 NO SURCHARGE
ComPtsPrice

0625O009657736
4934936
FROM 92101

stamps
endicia
12/02/2021

## PRIORITY MAIL 2-DAY™

Law Offices Andy Van Le                 **0022**
1551 4th Ave Suite 102
San Diego CA 92101-3149

C091

SHIP
TO:   Thryv Inc. c/o
CT Corporation System
330 N Brand Blvd Ste 700
Glendale CA 91203-2336

### USPS TRACKING #

9405 5116 9900 0878 7589 21

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andy Van Le, Esq. (214177)<br>Law Offices of Andy Van Le & Associates, PC<br>1551 Fourth Avenue, Suite 102<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 525-0001   FAX NO. *(Optional):* (619) 525-0009<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Anthony Filippone and Giovanni Filippone | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Devision

PLAINTIFF/PETITIONER: Anthony Filippone and Giovanni Filippone

DEFENDANT/RESPONDENT: Thryv, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO *(insert name of party being served):* Thryv, Inc. c/o CT Corporation System

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 2, 2021

Andy Van Le, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*

   Notice of Case Assignment and Case Management Conference,  Notice of E-Filing Requirements, Alternative Dispute Resolution Information, Stipulation to Use Alternative Dispute Resolution, Amendment to complaint, and pre-paid envelope.

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Andy Van Le, Esq. (214177)
Law Offices of Andy Van Le & Associates, PC
1551 Fourth Avenue, Suite 102
San Diego, CA 92101
TELEPHONE NO.: (619) 525-0001     FAX NO. *(Optional):* (619) 525-0009
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Anthony Filippone and Giovanni Filippone

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Devision

PLAINTIFF/PETITIONER: Anthony Filippone and Giovanni Filippone

DEFENDANT/RESPONDENT: Thryv, Inc.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:** |
|---|---|

TO *(insert name of party being served):* Thryv, Inc. c/o CT Corporation System

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 2, 2021

Andy Van Le, Esq.
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

Notice of Case Assignment and Case Management Conference,  Notice of E-Filing Requirements, Alternative Dispute Resolution Information, Stipulation to Use Alternative Dispute Resolution, Amendment to complaint, and pre-paid envelope.

*(To be completed by recipient):*

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     ▶     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Thryv, Inc. and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Anthony Filippone and Giovanni Filippone

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/28/2021** at 05:41:43 PM

Clerk of the Superior Court
By Mariejo Guyot, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, San Diego

330 West Broadway
San Diego, CA 92101

| CASE NUMBER: *(Número del Caso):* | 37-2021-00046050-CU-WT-CTL |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andy Van Le, Esq. (SBN 214177), 1551 Fourth Avenue, Suite 102, San Diego, CA 92101, (619) 525-0001

DATE: **10/29/2021**
*(Fecha)*

Clerk, by _____ M. Guyot , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Thryv, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Andy Van Le, Esq. (SBN 214177)
Law Offices of Andy Van Le & Associates, PC
1551 4th Avenue, Suite 102
San Diego, CA  92101
Telephone: (619) 525-0001; Fax: (619) 525-0009

Attorneys for Plaintiffs, ANTHONY FILIPPONE and GIOVANNI FILIPPONE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| ANTHONY FILIPPONE and GIOVANNI FILIPPONE,<br><br>                                    Plaintiffs,<br><br>v.<br><br>THRYV, INC. and DOES 1-100, inclusive,<br><br>                                    Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **FAILURE TO ACCOMMODATE;**<br>3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA; AND**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**JURY TRIAL DEMANDED** |

COME NOW Plaintiffs ANTHONY FILIPPONE and GIOVANNI FILIPPONE ("Plaintiffs") and allege as follows:

### PARTIES

1.      Plaintiff Anthony Filippone and Giovanni Filippone (hereinafter referred together as "Plaintiffs") were at all times relevant to this Complaint and were individuals employed by Defendant THRYV, INC. (hereinafter "THRYV") while residing in the State of California.

2.      Plaintiffs are informed and believe, and thereon allege, that Defendant THRYV is, and at all times herein mentioned, was a Delaware corporation qualified to do and doing business within the State of California.

3.      Defendant THRYV independently and jointly, employs more than 5 persons and are employers as defined in the California Fair Employment and Housing Act ("FEHA").

- 1 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

4.    The tortious and/or unlawful acts pleaded herein occurred in the County of San Diego, California.

5.    Plaintiffs are informed and believe and, based on that information and belief, allege that, at various times herein mentioned, that DOES 1-100, inclusive (hereinafter collectively referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

6.    Plaintiffs are informed and believe that each fictitiously named Defendant is responsible for the wrongful acts alleged herein, and Plaintiffs' damages, as alleged herein, were proximately caused by Defendants.

7.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein and Does 1 through 100, inclusive, and therefore sue said Defendants by such fictitious name and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

8.    As used herein, the term "Defendants" means all Defendants, both jointly and severally, and references by name to any Defendant shall include all Defendants, both jointly and severally.

## JURISDICTION AND VENUE

9.    Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendant THRYV transacts business in the County of San Diego and is within the jurisdiction of this Court for purposes of service process and venue.

10.    In response to Defendant THRYV's unlawful conduct, on October 28, 2020, Plaintiff Anthony Filippone filed a timely Complaint against Defendant THRYV with the California

- 2 -

Department of Fair Employment and Housing ("DFEH.") Attached herein as Exhibit "A" is a true and correct copy of Plaintiff Anthony Filippone's DFEH Complaint.

11.     In response to Defendant THRYV's unlawful conduct, on May 8, 2020, Plaintiff Giovanni Filippone filed a timely Complaint against Defendant THRYV with DFEH. Attached herein as Exhibit "B" is a true and correct copy of Plaintiff Giovanni Filippone's DFEH Complaint.

12.     On February 22, 2021, the DFEH issued a Right-To-Sue Notice under California Code 12965(b), permitting Plaintiff Anthony Filippone to file a civil action under the provisions of FEHA against Defendant THRYV. Attached herein as Exhibit "C" is a true and correct copy of Plaintiff Anthony Filippone's Right-To-Sue Notice.

13.     On October 30, 2020, the DFEH issued a Right-To-Sue Notice under California Code 12965(b), permitting Plaintiff Giovanni Filippone to file a civil action under the FEHA against Defendant THRYV. Attached herein as Exhibit "D" is a true and correct copy of Plaintiff Giovanni Filippone's Right-To-Sue Notice.

## FACTS GIVING RISE TO PLAINTIFFS' CLAIMS

14.     Plaintiffs were employees of Defendant THRYV. Plaintiff Giovanni Filippone and Anthony Filippone began working for Defendant THRYV in or around January 2009 and May 2009, respectively.

15.     Plaintiffs worked for Defendant THRYV as Business Advisors with significant responsibilities. Plaintiffs' exemplary performance evaluations led to promotions throughout the intervening years of each Plaintiffs' employment.

16.     At the time of Plaintiff Anthony Filippone's wrongful termination, he was making a yearly base salary of approximately $52,000, excluding commissions which were considerable and in the range of approximately $100,000 to $130,000 yearly. At the time of Plaintiff Giovanni Filippone's wrongful termination, he was making a yearly salary of approximately $160,000 per year inclusive of commissions.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

17.     On or about June 26, 2019, Plaintiffs were both in a motor vehicle accident which caused them significant injuries. Plaintiffs were travelling to a conference in Chicago, Illinois as part of their employment with Defendant THRYV. On the way to the airport, Plaintiffs were backseat passengers in a rideshare vehicle, which was at a complete stop near the airport on Harbor Drive in San Diego, California. Plaintiffs were hit from behind by a vehicle that was driving at an excessive speed and failed to make a timely stop. Plaintiff Anthony Filippone, who was seated in the back seat on the driver's side, was pushed forward, slamming his head, snapping his back, hitting his right knee and twisting his right hip, among other things. Plaintiff Giovanni Filippone was pushed forward, slamming his head and knee and then was slammed back causing whiplash to his neck, impacting his head and jaw, snapping his back, twisting his hips, and hitting his left knee, among other things.

18.     Plaintiff Anthony Filippone sustained *inter alia*, injuries to his head, neck, bi-lateral shoulders, back, left hip, and bi-lateral knees. Plaintiff Giovanni Filippone sustained *inter alia*, injuries to his head, neck with pain radiating to bilateral shoulders, vision problems, left knee, jaw, and upper and lower back pain.

19.     Plaintiffs were immediately transported to Scripps Hospital Emergency Room and have needed extensive medical treatment due to the subject accident.

20.     Prior to arriving at Scripps, Plaintiffs informed their manager at Defendant THRYV that they had been in a motor vehicle accident on the way to the conference, that they required urgent medical attention, and would therefore miss their flight.

21.     Plaintiffs underwent emergency medical treatment from Scripps and were directed by the attending physicians for follow-up care with further medical providers.

22.     On or about July 9, 2019 Plaintiffs were informed that the incident would be managed as a workers' compensation claim. The workers' compensation was provided by American Home Assurance Company and administered through American International Group, Inc. (hereinafter "AIG"). Plaintiffs were subsequently informed that any medical treatment required would need to be obtained and approved through Defendant THRYV'S workers' compensation insurance and not through their private insurance.

- 4 -

**PLAINTIFF ANTHONY FILIPPONE'S MEDICAL TREATMENT AND DISABILITY**

23.     On or about July 15, 2019, Plaintiff Anthony Filippone underwent a further MRI study due to the subject accident; and thereafter, came under the care of Sudhir Malik, MD the following week, for neurological complaints, at the referral of his primary care provider. Plaintiff Anthony Filippone was diagnosed with subacute post traumatic headaches, post-concussion syndrome, and suspected musculoskeletal etiology.

24.     On or about July 25, 2019, Plaintiff Anthony Filippone was seen by Gaslamp Medical Center for the subject accident and was noted to have multiple bodily injuries from that accident. He then continued to undergo treatment for his injuries with Gaslamp Medical Center for several more months, while his work status remained off-work.

25.     On or about September 5, 2019 Plaintiff Anthony Filippone received skilled physical therapy treatment from Select Physical Therapy. The treatment provided was beneficial, so Plaintiff continued to receive physical therapy until September 24, 2019.

26.     Gaslamp Medical Center, during the course of treatment, referred Plaintiff Anthony Filippone to a neurologist. On or about January 27, 2020 Plaintiff Anthony Filippone was examined by Thomas Schweller, M.D., who confirmed that Plaintiff had sustained multiple spinal and head injuries and recommended that Plaintiff undergo treatment with a pain management specialist.

27.     On or about February 3, 2020 Plaintiff Anthony Filippone visited Pain Care of San Diego for a comprehensive pain management evaluation. A pain management plan was established, and Plaintiff continued to undergo treatment for his injuries with Pain Care for several more months.

28.     On or about February 13, 2020 Plaintiff Anthony Filippone underwent additional treatment with California Orthopedic Institute for persistent back and neck pain. California Orthopedic Institute examined Plaintiff Anthony Filippone and directed him to obtain a second opinion with a spinal specialist and to continue with his orthopedic examinations.

29.     Although Plaintiff Anthony Filippone continued to obtain treatment for his injuries, including receiving injections periodically, undergoing extensive physical therapy, and presenting for regular orthopedic examinations, his pain continued to increase. Plaintiff Anthony

- 5 -

Filippone's injuries became so severe that it limited his mobility, and ability to remain in the same position for extended periods of time which burdened his ability to perform certain daily life activities.

30.     On or about September 3, 2020 Blake Thompson, M.D., the Panel Qualified Medical Examiner, assessed Plaintiff Anthony Filippone's condition. In his report dated October 22, 2020, Dr. Blake Thompson indicated that Plaintiff Anthony Filippone, due to his injuries, would be left with permanent residual disability. Despite this permanent disability, Plaintiff Anthony Filippone, with some accommodations, would be able to return to his regular work.

31.     The accommodations included, but were not limited to, avoidance of prolonged or extreme neck positions, avoidance of prolonged sitting, and taking breaks or changing positions as needed. it was also noted that the patient should be able to return to his regular work duties, if provided with the appropriate accommodations. Defendant THRYV was made aware of the doctor recommended accommodations on October 22, 2020. That same day, Plaintiff Anthony Filippone was terminated due to the alleged inability of Defendant THRYV to accommodate these reasonable accommodations.

32.     Plaintiff Anthony Filippone reached out to Kathy Brown, who was the head of labor, to ask Defendant THRYV to reassess their decision to terminate him. Plaintiff did not want to let his disability hold him back and despite Defendant THRYV'S abrupt termination of his employment, Plaintiff Anthony Filippone was still willing to go through the interactive process with his employer. On October 28, 2020 Plaintiff Anthony Filippone received a response from Ms. Brown which contained a forwarded email from Ralph Vitales, Staff Consultant / Labor Relations, who advised that the company would not accommodate the restrictions, and therefore the decision to terminate Plaintiff Anthony Filippone remained unchanged. There was no further discussion or opportunity for Plaintiff Anthony Filippone to proceed through the interactive process.

33.     The email from Ralph Vitales concluded, with no explanation or reasoning, that due to the nature of Plaintiff Anthony Filippone's work, the accommodations presented challenges and liabilities to the company. Ralph Vitales listed generic work duties but provided no example of

- 6 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

how even these generic duties could not have reasonable accommodations within Plaintiff Anthony Filippone's needs.

34.     Given the nature of the accident, the types of injuries sustained, and the job duties required as a Business Advisor, Plaintiff Anthony Filippone was informed by his medical providers that the accommodations are reasonable and that he would be able to return to work.

35.     Despite numerous pleas to the Human Resources department for the company and union president to make accommodations and negotiate a favorable arrangement for all parties to accommodate Plaintiff Anthony Filippone's disability, he was still terminated instead of being provided with reasonable accommodations.

36.     As of the date of filing this Complaint, Plaintiff Anthony Filippone has been unable to secure new employment.

37.     On or around February 22, 2021, Plaintiff Anthony Filippone exhausted his administrative remedies by filing charges with the State of California, FEHA.

38.     The Department of Fair Employment and Housing closed Plaintiff Anthony Filippone's case in order to allow Plaintiff Anthony Filippone to pursue his civil remedies under the FEHA and issued Plaintiff Anthony Filippone right to sue letters on or about February 22, 2021.

**PLAINTIFF GIOVANNI FILIPPONE'S MEDICAL TREATMENT AND DISABILITY**

39.     On or about July 29, 2019, Plaintiff Giovanni Filippone was seen by Gaslamp Medical Center for the subject accident and was noted to have multiple bodily injuries from that accident. He then continued to undergo treatment for his injuries with Gaslamp Medical Center for several more months, while his work status remained off-work.

40.     Gaslamp Medical Center, during the course of treatment, referred Plaintiff Giovanni Filippone to a neurologist. On or about September 18, 2019 Plaintiff Giovanni Filippone was examined by Thomas Schweller, M.D., who confirmed that Plaintiff had sustained multiple spinal and head injuries and recommended that he continues receiving neurologic treatment and examinations.

- 7 -

41.     Gaslamp Medical Center, during the course of treatment, also referred Plaintiff Giovanni Filippone to a MDRS Spine and Sport. Plaintiff received some benefit from skilled physical therapy for several weeks but was still in pain.

42.     On or about October 30, 2019 Plaintiff Giovanni Filippone sought treatment from Faisal Suleiman, D.D.S. for his jaw pain. Dr. Suleiman provided treatment for Plaintiff over the next several weeks before informing Plaintiff that he has permanent disability to his jaw.

43.     Starting on or about December 17, 2019 through February 25, 2020 Plaintiff Giovanni Filippone engaged in a vision therapy program to help alleviate and treat his vision problems stemming from the accident.

44.     Due to the persistent pain Plaintiff Giovanni Filippone suffered, Gaslamp Medical Center referred Plaintiff to multiple medical providers for additional treatment. Plaintiff was seen at San Diego Orthopedic Associates Medical Group, Inc. and Pain Care of San Diego, where he was provided with continuing care for several months. As a result of the pain and varied treatment that Plaintiff Giovanni Filippone required, his work status mostly remained off-work.

45.     Although Plaintiff Giovanni Filippone continued to obtain treatment for his injuries, including pain management evaluations and presenting for regular orthopedic examinations, his pain continued to increase. Plaintiff Giovanni Filippone's injuries became so severe that it limited his mobility and strength which burdened his ability to perform daily life activities.

46.     On or about April 2020 Plaintiff Giovanni Filippone's employment with Defendant THRYV was terminated based on arbitrary and unsubstantiated allegations of decreased performances numbers and cancellation of accounts resulting in fees.

47.     As of the date of filing this Complaint, Plaintiff Giovanni Filippone continues to receive treatment and has not been given official clearance for a full return to work. However, Plaintiff Giovanni Filippone has received recommendations by his treaters that allow him to work with accommodations.

48.     On or about April 23, 2020 Plaintiff reached out to Kathy Brown asking for detailed performance reports and a full breakdown of same. This was done so that Plaintiff Giovanni

- 8 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Filippone could make an informed decision before arbitrarily signing the severance Agreement from Defendant THRYV.

49.     Plaintiff Giovanni Filippone received little to no communication back from Defendant THRYV regarding his request. On or about May 8, 2020 Plaintiff Giovanni Filippone followed up with his original request for the performance reports so that he could make an informed decision before he was expected to sign his severance package.

50.     Plaintiff Giovanni Filippone followed up again with Ms. Brown on May 14, 2020 and again on May 20, 2020. Each time Ms. Brown would forward the request to Ralph Vitales and Ralph Vitales would neglect to answer.

51.     On or about June 8, 2020, Plaintiff Giovanni Filippone finally received the requested information from Mr. Vitales. This response came one full day after the due date for signing the severance package.

52.     Defendant THRYV failed to afford Plaintiff Giovanni Filippone fairness and courtesy throughout his termination. Additionally, they provided arbitrary reasoning and failed to back-up said reasoning in a feeble attempt to cover up the fact that he was indeed fired because of his disabilities caused by the work-related accident.

53.     At all material times, it was represented to Plaintiff Giovanni Filippone that the reason for his termination was due to his poor performance ratings. This accusation was not corroborated or otherwise substantiated by Defendant THRYV in anyway, despite numerous requests from Plaintiff Giovanni Filippone.

54.     Plaintiff Giovanni Filippone believes and alleges thereon that Defendant THRYV fabricated and manufactured performance issues regarding Plaintiff Giovanni Filippone in order to terminate him without any need to keep him on staff as a disabled individual who required reasonable accommodations.

55.     Plaintiff Giovanni Filippone believes and alleges thereon that his performance ratings were erroneous, inaccurate, and not the actual reason for his termination. Instead, the actual reason for his termination was his disability, and the unwillingness of Defendant THRYV to accommodate for his disability.

- 9 -

56.     Plaintiff Giovanni Filippone believes and alleges thereon that all the accommodations recommended by his various physicians were in no way adverse to the nature of his employment as a Business Advisor and were not unreasonable given the circumstances.

57.     As of the date of filing this Complaint, Plaintiff Giovanni Filippone has been unable to secure new employment.

58.     On or around October 30, 2020, Plaintiff Giovanni Filippone exhausted his administrative remedies by filing charges with the State of California, FEHA.

59.     The Department of Fair Employment and Housing closed Plaintiff Giovanni Filippone's case in order to allow Plaintiff Giovanni Filippone to pursue his civil remedies under the FEHA and issued Plaintiff Giovanni Filippone's right to sue letters on or about October 30, 2020.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

### (Against Defendant THRYV and Does 1-100)

60.     Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs, as though fully set forth herein.

61.     At all times herein mentioned, Government Code § 12940 et seq., the FEHA, was in full force and effect and was binding on Defendant THRYV, as Defendant THRYV regularly employed five or more persons.

62.     Government Code § 12940(a) requires Defendant THRYV to refrain from discriminating against any employee on the basis of disability.

63.     At all times mentioned in this Complaint, Plaintiffs were a member of a protected class within the meaning of the aforementioned Government Code on the basis of disability.

64.     Defendant THRYV engaged in unlawful employment practices in violation of FEHA by threatening to terminate Plaintiffs from their position as Business Advisors on the basis of their disabilities, failing to engage in the interactive process to determine if Plaintiffs could be given reasonable accommodations, failing to provide Plaintiffs with reasonable or prescribed accommodations. Eventually Defendant THRYV terminated Plaintiff Giovanni Filippone on or

- 10 -

about April 2020, citing inaccurate and arbitrary reasoning regarding unsubstantiated poor performance statistics rather than accommodate his disabilities. On or about October, 22 2020 Defendant THRYV terminated Plaintiff Anthony Filippone, the same day he requested accommodations for his physical disabilities, citing arbitrary and conclusory reasons.

65.     Plaintiffs are informed and believe and based thereon allege that their disabilities were the motivating factor in Defendant THRYV's decision to subject Plaintiffs to the aforementioned adverse employment actions, in violation of Government Code § 12940(a).

66.     As a proximate result of Defendant THRYV's discriminatory conduct, Plaintiffs sustained and continue to sustain substantial loss in past, present, and future earnings, career opportunities, bonuses, and other employment benefits, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

67.     As a further proximate result of Defendant THRYV's discriminatory conduct, Plaintiffs suffered and continue to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to their damages in an amount subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA

### (Against Defendant THRYV and Does 1-100)

68.     Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs, as though fully set forth herein.

69.     This cause of action is brought pursuant to Government Code § 12940(m) which provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

70.     In violation of FEHA, Defendant THRYV failed to provide Plaintiffs with reasonable accommodations for their documented medical disabilities.

- 11 -

71.    On or around April, 2020, Plaintiff Giovanni Filippone and Defendant THRYV were informed that Plaintiff Giovanni Filippone could return to work with modified duties. Instead, Defendant THRYV terminated Plaintiff Giovanni Filippone due to their disabilities.

72.    On or around October 22, 2020 Plaintiff Anthony Filippone notified Defendant THRYV, of their ability to return to work with reasonable accommodations per the recommendations of their medical providers and, in doing so, expressed his interest in returning to work. Instead, Defendant THRYV terminated Plaintiff Anthony Filippone due to their disabilities.

73.    At such time, Defendant THRYV was under a duty to take affirmative steps to offer Plaintiffs accommodations for their disabilities, including but not limited to granting the reasonable accommodations based on Plaintiffs' medical providers.

74.    At no time did Defendant THRYV make any attempts whatsoever to accommodate Plaintiffs' disabilities and instead provided arbitrary reasons for why such accommodations were not conducive to the type of work Plaintiffs were engaged in, summarily denied the accommodations requested, failed to partake in the interactive process, and then terminated Plaintiffs' employment.

75.    As a proximate result of Defendant THRYV's wrongful conduct, Plaintiffs sustained and continue to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other employment benefits in an amount to be proven at trial.

76.    Defendant THRYV's conduct in failing to provide reasonable accommodation was a substantial factor in causing Plaintiffs to suffer and continue to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to their damage in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### (Against Defendant THRYV and Does 1-100)

77.    Plaintiffs re-allege and incorporate all preceding paragraphs as though fully alleged herein.

78.     At all times hereto, the FEHA, including in particular Government Code § 12940(n), was in full force and effect and was binding upon Defendant THRYV. This subsection imposes an ongoing duty on Defendant THRYV to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation, including but not limited to disability leave.

79.     At all relevant times, Plaintiffs were members of a protected class within the meaning of, in particular, Government Code §§ 12940(a) and 12986(1) et seq. because of Plaintiffs' physical disability that affected their major life activities, and medical conditions of which Defendant THRYV had both actual and constructive knowledge.

80.     Plaintiffs reported the disability, triggering Defendant THRYV's obligation to engage in the interactive process with Plaintiffs, but at all times herein, Defendant THRYV failed to do so. Rather than initiating or engaging in a timely, good faith interactive process with Plaintiffs to determine effective reasonable accommodations, Defendant THRYV terminated Plaintiffs' employment.

81.     As a proximate cause of Defendant THRYV's conduct, Plaintiffs suffered and continue to suffer actual damages and general damages including but not limited to substantial losses in earning, other employment benefits, and emotional distress in an amount to be proven at trial.

82.     Plaintiffs have also incurred, and continue to incur, attorneys' fees and legal expenses in an amount according to proof at the time of trial. Plaintiffs are entitled to recovery of these expenses under Government Code § 12965(b).

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against Defendant THRYV and Does 1-100)

83.     Plaintiffs re-allege and incorporate all preceding paragraphs as though fully alleged herein.

- 13 -

84.     As alleged herein, Defendant THRYV unlawfully retaliated against Plaintiffs by failing to accommodate their disability and/or perceived disability, failing and refusing to engage in the interactive process, using Plaintiffs' disability and/or perceived disability as decision making tools, failing to stop and prevent discrimination and retaliation against Plaintiffs for using protected leave, and terminating their employment in violation of Government Code § 12940.

85.     As a proximate result of Defendant THRYV's retaliatory acts, Plaintiffs sustained and continue to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other employment benefits, in an amount to be proven at trial.

86.     As a further proximate result of Defendant THRYV's retaliatory acts, Plaintiffs suffered and continue to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to their damage in a sum according to proof.

## FIFTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendant THRYV and Does 1-100)

87.     Plaintiffs re-allege and incorporate all preceding paragraphs as though fully alleged herein.

88.     As set forth herein, Defendant THRYV terminated Plaintiffs' employment. In taking such actions, Defendant THRYV was motivated, in whole or in part, by Plaintiffs' medical disabilities and their requests for additional leave relative to their medical disabilities.

89.     By reason of the aforementioned acts and conduct, Defendant THRYV violated the fundamental public policies of the State of California, as embodied in the California Constitution, Government Code §§ 12940, 12941 and 12945, and other statutes and regulations. Such fundamental public policies prohibit employers from discriminating against employees, or from retaliating against and harassing employees for engaging in protected activity.

90.     By the aforesaid acts and omissions of Defendant THRYV, Plaintiffs have been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in

- 14 -

earnings, other employment benefits, future earning capacity, and other pecuniary losses not presently ascertained, in an amount according to proof at the time of trial.

91.     As a further proximate result of Defendant THRYV's wrongful termination in violation of public policy of the State of California, Plaintiffs suffered and continue to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to their damage in sum according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment jointly and severally against Defendant THRYV and Does 1-100 as follows:

1. Compensatory damages, and actual, consequential, and incidental financial losses, including but not limited to loss of wages (front and back pay), career opportunities, benefits and other opportunities of employment, according to proof;

2. For special and general damages in sum to be proven at trial;

3. For interest, including pre-judgment interest and post-judgement interest, thereon at the legal rate, including but not limited to Civil Code § 3291;

4. For attorney's fees and costs, including expert witness fees, according to proof, pursuant to Government Code § 12965, or other applicable statutes or contracts;

5. For costs of suit; and

6. For any other costs this Court deems just and proper.

Dated: October 28, 2021        LAW OFFICES OF ANDY VAN LE & ASSOCIATES

By:    _____
        Andy Van Le, Esq.
        Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT A

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Anthony Filippone                                    DFEH No. 202102-12678222

                              Complainant,

vs.

Thryv, Inc.
2200 W. Airfield Drive, PO Box 619810
DFW Airport, Texas 75261

Dex Media, Inc.
2200 W. Airfield Drive, PO Box 619810
DFW Airport, Texas 75261

                              Respondents

---

1. Respondent **Thryv, Inc.** is an **employer Thryv, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Dex Media, Inc.** business as Co-Respondent(s).

3. Complainant **Anthony Filippone**, resides in the City of **Alpine**, State of **California**.

4. Complainant alleges that on or about **October 28, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), other and as a result of the discrimination was terminated, laid off, denied reasonable accommodation for a disability, other.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, laid off, denied reasonable accommodation for a disability, other.

**Additional Complaint Details:** Complainant was subjected to discrimination, retaliation, retaliatory discharge, wrongful termination, failure to accommodate and/or failure to engage

Date Filed: February 22, 2021

1  in the interactive process by Respondents on the basis of physical disability, medical
   condition, work injury, worker's compensation claim, and/or in violation of public policy,
2  FEHA, and/or California Law.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Complaint – DFEH No. 202102-12678222

Date Filed: February 22, 2021

1    VERIFICATION

2    I, **Andy Le**, am the **Attorney** in the above-entitled complaint.   I have read the
3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.

4
     On February 22, 2021, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                              **San Diego, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -3-
27                          *Complaint – DFEH No. 202102-12678222*

28   Date Filed: February 22, 2021

# EXHIBIT B

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Giovanni Filippone                                                        DFEH No. 202010-11673830

                                        Complainant,

vs.

Thryv, Inc.
2200 W. Airfield Drive, PO Box 619810
DFW Airport, Texas 75261

Dex Media, Inc.
2200 W. Airfield Drive, PO Box 619810
DFW Airport, Texas 75261

                                        Respondents

_____

1. Respondent **Thryv, Inc.** is an **employer Thryv, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Dex Media, Inc.** as individual Co-Respondent(s).

3. Complainant **Giovanni Filippone**, resides in the City of **El Cajon**, State of **California.**

4. Complainant alleges that on or about **May 8, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), other and as a result of the discrimination was terminated, laid off, other.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, laid off, other.

**Additional Complaint Details:** Complainant was subjected to discrimination, retaliation, retaliatory discharge, wrongful termination, failure to accommodate and/or failure to engage in the interactive process by Respondents on the basis of physical disability, medical condition, work injury, worker's compensation claim, and/or in violation of public policy, FEHA, and/or California Law.

-1-

*Complaint – DFEH No. 202010-11673830*

Date Filed: October 30, 2020
Date Amended: October 30, 2020

1  VERIFICATION

2  I, **Andy Le**, am the **Attorney** in the above-entitled complaint.  I have read the

3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On October 30, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                          **San Diego, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                     -2-
27  _____
                      *Complaint – DFEH No. 202010-11673830*
28
   Date Filed: October 30, 2020
   Date Amended: October 30, 2020

# EXHIBIT C



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 22, 2021

Anthony Filippone
440 Summerhill Court
Alpine, California 91901

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202102-12678222
      Right to Sue: Filippone / Thryv, Inc. et al.

Dear Anthony Filippone:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 22, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

February 22, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202102-12678222
      Right to Sue: Filippone / Thryv, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 22, 2021

Andy Le
1551 Fourth Avenue, Suite 102
San Diego, California 92101

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202102-12678222
      Right to Sue: Filippone / Thryv, Inc. et al.

Dear Andy Le:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

# EXHIBIT D



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 30, 2020

Giovanni Filippone
15121 Tombstone Creek Road
El Cajon, California 92021

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202010-11673830
      Right to Sue: Filippone / Dex Media, Inc. et al.

Dear Giovanni Filippone:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 30, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 30, 2020

Andy Le
1551 Fourth Avenue, Suite 102
San Diego, California 92101

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202010-11673830
Right to Sue:  / Thryv, Inc.

Dear Andy Le:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

| PLAINTIFF(S) / PETITIONER(S):   ANTHONY FILIPPONE et.al. |
|---|
| DEFENDANT(S) / RESPONDENT(S):   THRYV INC |
| FILIPPONE VS THRYV INC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00046050-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Keri Katz                                      Department: C-74

## COMPLAINT/PETITION FILED: 10/28/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/15/2022 | 10:30 am | C-74 | Keri Katz |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00046050-CU-WT-CTL       CASE TITLE: FILIPPONE VS THRYV INC [IMAGED]

<u>**NOTICE**</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>*and*</u>**
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>**Local ADR Programs for Civil Cases**</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at <u>www.ncrconline.com</u> or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at <u>www.nclifeline.org</u> or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>**Legal Representation and Advice**</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>STREET ADDRESS:     330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:       Central | *FOR COURT USE ONLY* |

PLAINTIFF(S):    ANTHONY FILIPPONE et.al.

DEFENDANT(S): THRYV INC

SHORT TITLE:    FILIPPONE VS THRYV INC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2021-00046050-CU-WT-CTL |
|---|---|

Judge: Keri Katz                                   Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)            ☐   Non-binding private arbitration

☐   Mediation (private)                      ☐   Binding private arbitration

☐   Voluntary settlement conference (private)       ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)              ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____         Date: _____

_____         _____
Name of Plaintiff                                 Name of Defendant

_____         _____
Signature                                      Signature

_____         _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____         _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/29/2021                     _____
                                                JUDGE OF THE SUPERIOR COURT