UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY FILIPPONE, et al., | Case No.: 22-cv-00017-DMS-JLB |
|---|---|
| Plaintiffs, | |
| v. | **ORDER RE: DEFENDANT THRYV, INC.'S MOTION TO EXCLUDE TESTIMONY FROM DR. MOON AND PLAINTIFFS' NON-RETAINED EXPERTS** |
| THRYV, INC., | |
| Defendant. | |
| | **[ECF No. 32]** |

Before the Court is a Motion to Exclude Testimony from Dr. Moon and Plaintiffs' Non-Retained Experts filed by Defendant Thryv Inc. ("Defendant"). (ECF No. 32.) Plaintiffs Anthony Filippone and Giovanni Filippone (collectively, "Plaintiffs") oppose the motion. (ECF No. 35.) This motion has been referred to the undersigned judge to determine in the first instance whether Plaintiffs' expert disclosures violated Federal Rule of Civil Procedure 26. For the reasons set forth below, the Court finds that Plaintiffs' expert disclosures violated Federal Rule of Civil Procedure 26.

///

///

## I. BACKGROUND

The initial Scheduling Order issued in this case regulating discovery and other pre-trial proceedings provided that all parties must designate their respective experts in writing and comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure no later than July 22, 2022. (ECF No. 21 ¶¶ 4–5.)  The parties were also required to exchange rebuttal experts and supplement their disclosures regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by August 19, 2022. (*Id.* ¶¶ 4, 6.)  All expert discovery was required to be completed by September 16, 2022. (*Id.* ¶ 7.)

Pursuant to a joint motion filed by the parties, the Court later modified the Scheduling Order, such that the expert designation and disclosure deadline was extended to August 5, 2022, and the rebuttal expert designation and disclosure deadline was extended to September 2, 2022. (ECF Nos. 25, 26.)

Shortly before close of business on August 5, 2022, Plaintiffs' counsel advised defense counsel that their office had experienced a power outage that prevented them from accessing their servers. (ECF No. 32-1, Declaration of Christopher Reilly ("Reilly Decl."), ¶ 3; *see also* ECF No. 35-1, Declaration of Andy Van Le ("Van Le Decl."), ¶ 4.)  Defendant agreed to accept service of Plaintiffs' expert designations when counsel was able to regain access to the firm's servers. (Reilly Decl. ¶ 3.)  Plaintiffs thereafter served their initial expert disclosures on August 7, 2022. (*Id.* ¶ 4, Ex. A; *see also* Van Le Decl. ¶ 5.)

Plaintiffs' initial expert disclosures designated Michael Moon, MD ("Dr. Moon"), Heather H. Xitco, MBA, CPA, CFF, and Jay M. Finkelman, MBA, MLS, PhD, ABPP as their retained expert witnesses. (Reilly Decl., Ex. A.)  However, Plaintiffs did not include any expert reports. (*Id.* ¶ 4, Ex. A.)  Plaintiffs also designated 111 treating physicians as their non-retained expert witnesses but did not include the subject matter upon which the 111 witnesses were expected to testify, nor a summary of the facts and opinions they intended to offer at trial. (*Id.*)

///

On August 8, 2022, Defendant requested that Plaintiffs immediately correct their disclosures by, *inter alia*, producing their Rule 26(a)(2)(B) reports. (Reilly Decl. ¶ 5.) Plaintiffs stated they could not comply because their retained experts had not yet prepared the required reports. (*Id.*) Defendant therefore agreed to submit another joint motion to amend the Scheduling Order to give Plaintiffs additional time. (*Id.*)

Pursuant to a second joint motion filed by the parties on August 12, 2022, the Court modified the Scheduling Order to extend the expert disclosure deadline to August 19, 2022, and the rebuttal disclosure deadline to September 16, 2022. (ECF Nos. 27, 28.) The expert discovery deadline was also continued to September 30, 2022. (*Id.*)

On August 19, 2022, Plaintiffs served amended expert disclosures. (Reilly Decl. ¶ 6, Ex. B; *see also* Van Le Decl. ¶ 7.) With this disclosure, Plaintiffs did not produce an expert report for Dr. Moon and designated the same list of 111 non-retained expert witnesses. (*Id.*) For the majority of the non-retained expert witnesses, Plaintiffs simply list a name. (Reilly Decl., Ex. B.) For the witnesses listed as "Persons most knowledgeable and Custodians of Records," Plaintiffs state that they are expected to testify "regarding medical treatment of Plaintiffs and billing records related thereto." (*Id.*)

Upon receiving the amended expert disclosures, Defendant initiated the meet and confer process. (Reilly Decl. ¶ 7; *see also* Van Le Decl. ¶ 11.) While meeting and conferring, Plaintiffs indicated they have no intention of calling all 111 non-retained experts to testify at trial. (Reilly Decl. ¶ 7.) Rather, they stated they only intend to call between five and ten of the treating physicians at trial. (*Id.*)

On August 31, 2022, without obtaining leave of Court for a late disclosure, Plaintiffs served purported "draft" second amended expert disclosures. (Reilly Decl. ¶ 8, Ex. C; *see also* Van Le Decl. ¶¶ 12–13.) Although the disclosure identifies Dr. Moon as a retained expert witness, the disclosure still does not include Dr. Moon's expert report. (Reilly Decl. ¶ 8, Ex. C.) However, Plaintiffs did limit the number of non-retained physicians to the ones whom Plaintiffs treated with and continue to treat with the most extensively. (Van Le Decl. ¶ 12.) The second amended expert disclosure identifies twelve non-retained

expert witnesses and all persons most knowledgeable and custodians of records at eleven medical groups to testify about Plaintiffs' medical treatment and billing records related thereto.  (Reilly Decl., Ex. C.)

Pursuant to a third joint motion filed by the parties on September 16, 2022, the Court modified the existing Scheduling Order to, *inter alia*, continue the expert discovery deadline to October 14, 2022.  (ECF Nos. 29, 30.)  However, the parties did not jointly request to continue the expert disclosure deadline.[1]

On September 19, 2022, the parties contacted the Court with respect to this discovery dispute.  (ECF No. 31.)  The Court issued a briefing schedule.  (*Id.*)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  "[I]f the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Under Rule 37, if a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence

---

[1]   After the briefing of this motion, the Court granted Defendant one additional extension of the expert discovery deadline to November 4, 2022.  (ECF No. 37.)

on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

In addition to or instead of the sanction of exclusion, "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(A)–(C).

District courts have discretion to determine whether to impose discovery sanctions—including whether to exclude evidence. *See Yeti by Molly, Ltd.*, 259 F.3d at 1105–06 (district courts have "wide latitude" to issue sanctions under Rule 37(c)(1); reviewed for abuse of discretion). Evidence preclusion can, however, be a "harsh sanction." *R & R Sails, Inc.*, 673 F.3d at 1247 (citation and modification omitted). Therefore, if the sanction is tantamount to a dismissal, district courts must consider whether the noncompliance involved "willfulness, fault, or bad faith," and the availability of lesser sanctions. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106; *R & R Sails, Inc.*, 673 F.3d at 1247. These considerations are required as part of the harmlessness inquiry under Rule 37(c)(1). *R & R Sails, Inc.*, 673 F.3d at 1247.

Nonetheless, "a noncompliant party must avail himself of the opportunity to seek a lesser sanction by formally requesting one from the district court." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (citation and internal quotation marks omitted). "[I]f the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion in excluding evidence where such action is otherwise justified." *Id.* (citation omitted).

### III. DISCUSSION

Defendant argues that Plaintiffs' expert disclosures fail to comply with Federal Rule of Civil Procedure 26(a)(2). (ECF No. 32 at 2.) Specifically, Defendant argues that

Plaintiffs were required to disclose information and documents pertaining to any experts that may testify at trial pursuant to Rule 26(a)(2), but they failed to provide an expert report for Dr. Moon and did not provide the requisite information for each of their non-retained expert witnesses. (*Id.*) The Court will address each alleged failure below.

### A. Dr. Moon

Plaintiffs timely designated Dr. Moon as a "retained expert witness," but did not provide an expert report for Dr. Moon. (*See* Reilly Decl., Exs. A, B.) Plaintiffs argue that because Dr. Moon is their treating physician and his opinions were formed during the course of treatment, no expert report is required. (ECF No. 35 at 4–5.) Plaintiffs further appear to argue that they satisfied their Rule 26 obligations by providing Dr. Moon's CV and fee schedule, as well as producing his records and reports regarding Plaintiffs' injuries and treatment in discovery. (*Id.* at 5.) Defendant argues that because Dr. Moon was identified as a "retained expert witness," a Rule 26(a)(2)(B) report should have been produced. (ECF No. 32 at 6.)

"[A] treating physician is . . . exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011); *see also Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739 (9th Cir. 2021) ("A treating physician who is expected to testify regarding opinions formed during the course of treatment need not submit a detailed expert report." (internal quotation marks and citation omitted)). Nonetheless, disclosures of non-retained, treating physicians must still comply with Rule 26(a)(2)(C) and include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Merch.*, 993 F.3d at 739–40 (quoting Fed. R. Civ. P. 26(a)(2)(C), and then citing Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment).

Without more information than currently provided, the Court cannot definitively determine whether Dr. Moon was required to produce a full expert report pursuant to Rule

26(a)(2)(B). *See, e.g.*, *Goodman*, 644 F.3d at 826 (requiring a full Rule 26(a)(2)(B) expert report where the plaintiff's treating physicians were retained to render expert testimony beyond the scope of the treatment rendered). Regardless, none of Plaintiffs' disclosures related to Dr. Moon comply with Rule 26(a)(2)(B) *or* Rule 26(a)(2)(C). As such, their expert disclosures with respect to Dr. Moon are insufficient.

Plaintiffs appear to contend that identifying Dr. Moon, providing his CV and fee schedule, and producing all his records and reports[2] satisfies their Rule 26(a)(2)(C) obligations. (ECF No. 35 at 5.) However, "[l]isting a physician in initial disclosures and providing medical records does not suffice to meet the disclosure obligation under Rule 26(a)(2)(C)." *Thai v. Cnty. of Los Angeles*, No. 15-cv-583-WQH (NLS), 2022 WL 2392461, at *4 (S.D. Cal. July 1, 2022). As such, the Court finds that Plaintiffs' disclosures violate Rule 26(a)(2) with respect to Dr. Moon.

**B.     Non-Retained Expert Witnesses**

Defendant further argues that Plaintiffs' non-retained expert disclosures are deficient under Rule 26(a)(2)(C). (ECF No. 32 at 6–8.) In their final timely disclosures served on August 19, 2022, Plaintiffs list over 111 non-retained expert witnesses who they expect to offer testimony or evidence at trial. (Reilly Decl., Ex. B.) Several of the individuals, identified as professionals by their credentials (*e.g.*, MD, DPT, Ph.D, LCSW, OT), are listed without any further information. (*Id.*) Additional unnamed individuals are identified as "Persons Most Knowledgeable and Custodians of Records . . . regarding medical treatment of Plaintiffs and billing records" for various medical facilities. (*Id.*)

In their opposition, Plaintiffs do not address the alleged insufficiency of their non-retained expert witness disclosures. Rather, Plaintiffs only address Defendant's criticism of the number of individuals identified, asserting that "Plaintiffs have seen a significant

---

[2]     Plaintiffs do not specify what "reports" they are referring to, but it would appear from context that they are referring to medical reports that are part of the medical treatment records.

number of physicians" and the fact that the "number of physicians is voluminous is not the fault of Plaintiffs, but rather a product of their extensive treatment of their injuries." (ECF No. 35 at 6.)

In their most recent, untimely, "draft" disclosures, Plaintiffs appear to reduce the number of non-retained experts. However, the amended disclosures still do not comply with Rule 26(a)(2)(C). Even if the Court were to ignore the untimeliness of the disclosures, Plaintiffs' repeated statement that each listed individual will testify "regarding the medical treatment of Plaintiffs and billing records related thereto" is insufficient. (*See* Reilly Decl., Ex. C.)

As other district courts have noted, simply disclosing the topics of testimony is insufficient under Rule 26(a)(2)(C). *PerkinElmer Health Scis., Inc. v. SCR Living LLC*, No. 5:20-cv-02083-JWH-KK, 2022 WL 3130237, at *10 (C.D. Cal. June 22, 2022) (citing cases); *see also Alfaro v. D. Las Vegas, Inc.*, No. 2:15-cv-02190 MMD PAL, 2016 WL 4473421, at *13 (D. Nev. Aug. 24, 2016) (identifying the broad subject matter areas on which each treating physician is expected to testify or present evidence is insufficient under Rule 26 (a)(2)(C)), *aff'd by* 2017 WL 3172539 (D. Nev. July 26, 2017), *and aff'd sub nom. Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950, 951 (9th Cir. 2019). Rather, the disclosure must include both a summary of each non-retained expert's opinions—*i.e.*, an abstract, abridgement, or compendium—as well as facts supporting those opinions. *See id.* Without the required disclosures, even with the benefit of the Plaintiffs' medical records, Defendant does not have enough information to make an informed decision about which providers to depose, how to meaningfully depose them, and whether to retain rebuttal experts. *See Alfaro*, 2017 WL 3172539, at *3.

For the foregoing reasons, the Court finds that Plaintiffs' expert disclosures also violated Rule 26(a)(2) with respect to their non-retained experts.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' expert disclosures violate their obligations under Federal Rule of Civil Procedure 26(a)(2). Accordingly, within

**three court days** of the date of this Order, Plaintiffs shall: (1) serve amended expert disclosures on Defendant that comply with Rule 26(a)(2); and (2) file a supplement to their opposition (ECF No. 35), which addresses the appropriate sanction, if any, under Rule 37(c)(1), and attaches the amended expert disclosures as an exhibit.  The supplement shall be no longer than three pages, exclusive of exhibits.  Defendant may file a reply to the supplemental opposition within **two court days**.  The reply shall be no longer than three pages.

After the parties have complied with the foregoing, the undersigned judge will issue a report and recommendation to the Honorable Dana M. Sabraw addressing the appropriate sanction, if any, for Plaintiffs' violation.

**IT IS SO ORDERED.**

Dated:  November 3, 2022

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

9

22-cv-00017-DMS-JLB